## JOSEPH B. KEELER *et al.*

*v.*

## FRANCIS STUPPE.

1. INSTRUCTIONS —*need not be repeated.* When the law applicable to a case is given in clear and intelligible language, the sole function of instructions is performed, and there is no necessity for repeating the same idea in different instructions, varying only in form.

2. SAME—*should not argue the case.* The court is not only under no obligation to permit a case to be argued through instructions, but is bound to prohibit it.

APPEAL from the Circuit Court of Lake County; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. HAINES & TRIPP, for the appellants.

Mr. HOMER COOK, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of *assumpsit,* by appellants against appellee, to recover certain commissions claimed by them for the sale of a tract of land belonging to appellee. The cause was submitted to a jury, under instructions from the court, and a verdict was rendered in favor of appellee, upon which, after overruling a motion for a new trial, the court gave judgment.

Appellants claim that appellee employed them to sell his land or procure a purchaser therefor, stating the terms upon which he desired to sell, and agreed to pay them a commission of two and one-half per cent; that shortly after the agreement they informed him they had found a purchaser for his land, but that the terms of payment would have to be changed; that soon thereafter one of the plaintiffs went with the proposed purchaser to appellee, when, after several interviews, at which the plaintiff mentioned was present, terms of sale were agreed upon, different from those first

proposed by appellee. A contract, embodying the terms agreed upon, was drawn up and signed by appellee, and the parties to whom the land was contracted to be sold, and $1,000 were paid by them to appellee at the time.

Subsequently, the purchasers of the land, finding that they were unable to meet their payments as required by the terms of the contract, applied to appellee, and it was then mutually agreed that the contract should be rescinded, and appellee retain the $1,000 which had been paid him.

The point of disagreement between appellee and appellants is, he claims his contract with them was, they were to sell the land, on his terms, within six weeks, for the commission of two and one-half per cent; that, after the contract was made, one of the appellants notified him that they could not find a purchaser at his terms; that he thereupon informed plaintiffs that if the terms were to be changed he would not pay any commission, and that they must, in that event, look to the purchaser for their commission, which was assented to.

It is unnecessary to review, in detail, the evidence. It is sufficient to say we have carefully read all that is preserved, and that it is conflicting, and presented a fair question for the jury to determine on which side lay the preponderance. The witnesses were before the jury, and gave their evidence orally. The jury may, therefore, have had cogent reasons for giving the greater credit to the side in behalf of which they found, from the manner and bearing of the witnesses, which the record does not and could not disclose.

We think the instructions asked by the appellants, which were given (some having been first modified by the court), presented the law in appellants' behalf with sufficient accuracy and fullness.

They announce, first, if the contract, claimed by appellants, is proved, and it is also proved appellants sent appellee a purchaser to whom he sold, then appellants are entitled to recover the commissions fixed by the contract; second, that if appellants rendered appellee services in the

sale of his property without any special agreement as to commissions, they are entitled to recover a reasonable compensation for their services; third, that if appellee placed his property in the hands of appellants to sell, and they subsequently sent a purchaser to appellee, with whom he made a bargain to sell, they are entitled to their commissions, unless it was, subsequently and before the bargain of sale was made, agreed between appellants and appellee that appellants were to have no commissions; and, fourth, the same idea is repeated on the hypothesis that no special contract was made in regard to commissions, but the recovery is limited to a reasonable compensation.

It is not claimed, as has been seen, that appellants themselves negotiated the sale, and we are not aware of any hypothesis having a basis in the evidence, other than those referred to as embraced in the instructions given, upon which appellants could reasonably insist upon a right to recover. There was no necessity for repeating the same idea in different instructions, in language varying only in form. When the law applicable to a case is given in clear and intelligible language, the sole function of instructions is performed. The court is not only under no obligation to permit a case to be argued through instructions, but is bound to prohibit it.

We see no objection to the instruction given at the instance of appellee. It does not, in our opinion, conflict with the instructions given on behalf of appellants. It presents a single, well-settled principle of law, which, stated in brief, but in substance, is that appellants can not recover on an alleged contract, without proving compliance with the terms of that contract.

We see no cause to interfere with the judgment below, and it is, accordingly, affirmed.

*Judgment affirmed.*